UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| BLX CAPITAL, LLC,<br><br>        Plaintiff,<br><br>  v.<br><br>DARA PETROLEUM, INC. dba WATT AVENUE EXXON, a California corporation; SARBJIT S. KANG, an individual; NARGES EGHTESADI, an individual; EXXON MOBIL CORPORATION fka EXXON CORPORATION, a New Jersey corporation; U.S. SMALL BUSINESS ASSOCIATION, a United States government agency; and DOES 1 through 20, inclusive,<br><br>        Defendants,<br>_____/<br><br>AND RELATED CROSSCLAIMS AND COUNTERCLAIMS.<br>_____/ | NO. CIV. 2:09-2356 WBS EFB<br><br><u>ORDER RE: MOTION TO AMEND AND SUBSTITUTE REAL PARTY IN INTEREST AND FURTHER HEARING ON MOTION FOR JUDGMENT ON THE PLEADINGS</u> |

----oo0oo----

Plaintiff BLX Capital, LLC ("BLX") brought this action

1

against defendants Dara Petroleum, Inc. dba Watt Avenue Exxon ("Dara"), Sarbjit S. Kang, Narges Eghtesadi, Exxon Mobil Corporation ("Exxon") and the United States Small Business Association ("SBA") for judicial foreclosure and breach of written guarantee stemming from a default on a commercial loan plaintiff originated. Before the court is plaintiff's motion to amend the Complaint and substitute a real party in interest as plaintiff.

Generally, a motion to amend is subject to Rule 15(a) of the Federal Rules of Civil Procedure, which provides that "[t]he court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). However, "[o]nce the district court ha[s] filed a pretrial scheduling order pursuant to Federal Rule of Civil Procedure 16[,] which establishe[s] a timetable for amending pleadings[,] that rule's standards control[]." Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 607-08 (9th Cir. 1992). Here, the court issued a Status (Pretrial Scheduling) Order on January 22, 2010, which prohibited further amendments to pleadings or joinder of parties "except with leave of court, good cause having been shown under Federal Rule of Civil Procedure 16(b)." (Docket No. 40.)

Under Rule 16(b), a party seeking leave to amend must demonstrate "good cause." Fed. R. Civ. P. 16(b). "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." Johnson, 975 F.2d at 609. "If that party was not diligent, the inquiry should end." Id. Although "the focus of the inquiry is upon the moving party's reasons for seeking modification[,]" a court may make its

2

determination by noting the prejudice to other parties.  Id. (finding that "the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion" under Rule 16(b)).

If "good cause" is found, the court may then evaluate the request to amend the complaint in light of Rule 15(a)'s liberal standard.  Id. at 608; McConnell v. Lassen County, No. 05-0909 FCD DAD, 2007 WL 1931603, at *12 (E.D. Cal. June 29, 2007).  Courts commonly consider four factors when deciding whether to grant a motion for leave to amend a complaint under Rule 15(a): bad faith, undue delay, prejudice, and futility of amendment.  Roth v. Marquez, 942 F.2d 617, 628 (9th Cir. 1991). Because Rule 16(b)'s "good cause" inquiry essentially incorporates the first three factors, the court should deny plaintiffs' motion for leave to amend only if such amendment would be futile.

Plaintiff requests the court to amend the complaint to substitute HSBC Bank USA, National Association, as Indenture Trustee for the benefit of the Noteholders and the Certificateholders of Business Loan Express Business Loan Trust 2005-A ("HSBC"), the apparent real party in interest to this action, as plaintiff instead of BLX.  Federal Rule of Civil Procedure 17(a)(1) provides that "[a]n action must be prosecuted in the name of the real party in interest."  The real party in interest is the person who has the right to sue under the substantive law at issue.  In general, it is the person holding title to the claim or property involved, as opposed to others who may have an interest in the litigation.  U-Haul Int'l, Inc. v.

3

Jartran, Inc., 793 F.2d 1034, 1038 (9th Cir. 1986).  Substitution of plaintiffs under Rule 17(a) to join as the real party in interest is liberally allowed when the change does not alter the factual allegations in the original pleading as to the events or the participants.  See Advanced Magnetics, Inc. v. Bayfront Partners, Inc., 106 F.3d 11, 20 (2d Cir. 1997).  When substitution of the real party in interest is permitted, "the action proceeds as if it had been originally commenced by the real party in interest."  Fed R. Civ. P. 17(a)(3).

Plaintiff contends that it discovered it had erroneously filed and prosecuted this action due to a change in plaintiff's company policy.  Plaintiff not only owns loans, but also securitizes loans for sale to investors, which it assigns and then services while remaining the beneficiary of record.  (Segars Decl. ¶ 16.)  On August 16, 2004, plaintiff assigned the loan at issue to an affiliate, BLC Capital Funding, LLC, which then assigned the loan to HSBC Bank USA as trustee for BLX Conventional Funding Trust II.  (Id. ¶¶ 17-18.)  On June 10, 2005, BLC Capital Funding, LLC transferred the interests under the Note and Deed of Trust to HSBC, as trustee of a new securitization trust.  (Id. ¶ 19.)

Under plaintiff's previous policy, it would repurchase any loans facing foreclosure from the securitization trust containing them and proceed in foreclosure under its own name.  (Id. ¶ 20.)  However, plaintiff subsequently changed its policy and no longer repurchases loans from securitization trusts in the event of foreclosure.  (Id. ¶ 21.)  This policy change was allegedly miscommunicated to plaintiff's agents and counsel,

4

resulting in BLX inappropriately being named as plaintiff in this action instead of HSBC, who currently holds the beneficial interest in Dara's Note. (Id.)

Plaintiff has shown good cause for leave to amend the Complaint. Plaintiff was diligent in requesting leave to amend, filing this motion almost immediately after notification about the BLX policy change and consultation with the defendants. (See Mertens Decl. ¶¶ 2-3.) No evidence exists to indicate bad faith on the part of plaintiff. There is little risk of prejudice to defendants if plaintiff is granted leave to amend, as plaintiff will not change any of the substantive claims in the Complaint and only requests the court to change all references in the Complaint from BLX to HSBC and add facts describing the transfers that resulted in HSBC holding Dara's loan. (See Segars Decl. ¶ 22.) In fact, no defendants filed an opposition to plaintiff's motion to amend, and the SBA filed a Notice of Non-Opposition to plaintiff's motion. (See Docket No. 46.) Finally, there is no evidence that amendment to plaintiff's Complaint would be futile. Rather, plaintiff's amendment is essential to ensure that this action complies with Rule 17. Accordingly, the court will grant plaintiff's motion to amend the Complaint to substitute HSBC as plaintiff.

IT IS THEREFORE ORDERED that plaintiff's motion for leave to amend the Complaint for the limited purpose of (1) substituting HSBC as plaintiff and (2) adding factual allegations addressing how HSBC became the holder of the Note be, and the same hereby is, GRANTED. Plaintiff shall file an amended

1 complaint within twenty days of the date of this Order.[1]

2       IT IS FURTHER ORDERED that the hearing on plaintiff's
3 motion for judgment on the pleadings be, and the same hereby is,
4 CONTINUED until May 24, 2010, at 2 p.m.  The parties are ordered
5 to produce expert witnesses on the question of the interpretation
6 of the term "[t]he 30-Day LIBOR equivalent to the Wall Street
7 Journal Prime + 2.75% adjusted on the 1st day of each calendar
8 month (Margin over 30-Day LIBOR will be determined at time of
9 closing)" in the letter loan agreement at this hearing.
10 (Dara/Kang Countercl. Ex. 1 at 1; Eghtesadi Countercl. Ex. 1 at
11 1.)  Counsel shall have the witnesses in court available to
12 testify.

13       AND IT IS FURTHER ORDERED that all further discovery in
14 this action is hereby stayed pending the court's ruling on
15 plaintiff's motion for judgment on the pleadings.

16 DATED:  April 13, 2010

18 _____
    WILLIAM B. SHUBB
19     UNITED STATES DISTRICT JUDGE

---

[1] These pleadings as amended shall relate back to the original date of filing.  Fed. R. Civ. P. 17(a)(3).

6