```
 1
 2
 3
 4
 5
 6
 7
 8                     UNITED STATES DISTRICT COURT
 9                    EASTERN DISTRICT OF CALIFORNIA
10                            ----oo0oo----
11
12  HSBC BANK USA, National              NO. CIV. 2:09-2356 WBS EFB
    Association, as Indenture
13  Trustee for the benefit of the
    Noteholders and the                  MEMORANDUM AND ORDER RE:
14  Certificateholders of Business       MOTION FOR RELIEF FROM
    Loan Express Business Loan           JUDGMENT
15  Trust 2005-A,
16          Plaintiff,
17      v.
18  DARA PETROLEUM, INC. dba WATT
    AVENUE EXXON, a California
19  corporation; SARBJIT S. KANG,
    an individual; NARGES
20  EGHTESADI, an individual; U.S.
    SMALL BUSINESS ADMINISTRATION,
21  a United States government
    agency; and DOES 1 through 20,
22  inclusive,
23          Defendants,
                                    /
24  AND RELATED CROSSCLAIMS AND
    COUNTERCLAIMS.
25                                  /
26
27
28
                                     1
```

----oo0oo----

Plaintiff HSBC Bank USA, National Association, as Indenture Trustee for the benefit of the Noteholders and the Certificateholders of Business Loan Express Business Loan Trust 2005-A ("HSBC") brought this action against defendants Dara Petroleum, Inc. dba Watt Avenue Exxon ("Dara"), Sarbjit S. Kang, Narges Eghtesadi, and the United States Small Business Association ("SBA") for judicial foreclosure and breach of written guarantee stemming from a default on a commercial loan for property on which it holds a first deed of trust. Presently before the court is Dara, Kang, and Eghtesadi's (collectively "Dara") joint motion for relief from judgment.[1] (Docket No. 84.)

This case arose from a written letter loan agreement ("loan agreement") and written promissory note ("note") executed on or about July 29, 2004, between Dara and HSBC's predecessor. (Plotkin Decl. ¶ 3 (Docket No. 85).) The note was secured by an interest in real property (the "property"). (Id. ¶ 5.) After Dara ceased making payments pursuant to the loan agreement in October 2008, plaintiff filed suit for foreclosure of the property. (Defs.' Mot. for Relief from J. at 3:1-6 (Docket No. 84).) After plaintiff filed suit, Dara brought counterclaims alleging that the interest rate formula was imprecise and had

---

[1] The court is also in receipt of the United States' separate motion to vacate the judgment. (Docket No. 88.) The court will address the United States' motion in a separate order after the parties have been given a full opportunity to be heard on the matter.

2

been incorrectly applied.  (Plotkin Decl. ¶ 8.)[2]

Following the court's denial of plaintiff's motion for judgment on the pleadings, (Docket No. 58), HSBC and Dara reached a settlement agreement on December 13, 2010.  (Id. ¶ 10, Ex. 2.)  As part of the settlement agreement, Dara agreed that it would deliver to plaintiff proof that all real property taxes due and payable to the County of Sacramento for the property had been paid as of November 30, 2011.  (Id. ¶ 9, Ex. 1, ¶ 3(h).)  The settlement agreement further provided that plaintiff would hold an executed stipulation for judgment ("stipulation"), for filing with the court in the event that Dara defaulted under the terms of the settlement agreement.[3]  (Id. ¶ 9, Ex. 1, ¶ 6.)

In mid-December 2011, plaintiff notified Dara that not all property taxes had been paid on the property.  (Defs.' Mot. for Relief from J. at 4:2-4.)  Following discussions with the Property Tax Collector in Sacramento, Dara entered into a payment plan on January 25, 2012, with the County of Sacramento to pay all back taxes on the property.  (Id. at 4:8-16.)  The County has not filed any action to foreclose on the property due to unpaid taxes.  (Kravitz Decl. Ex. 1 (Docket No. 84-1).)

Consistent with the terms of the settlement agreement, after defendants defaulted on the agreement's tax covenant, plaintiff filed the executed stipulation for judgment and

---

[2] A more thorough factual background of this case may be found in the court's May 28, 2010, Order denying plaintiff's motion for judgment on the pleadings on defendants' counterclaims.  (See Docket No. 59.)

[3] According to the January 6, 2011, stipulation for dismissal, the court retained jurisdiction for the entry of judgment in case of default.  (Docket No. 78.)

3

foreclosure of the property on January 25, 2012. (Docket No. 82; Plotkin Decl. ¶ 11.) Following the entry of judgment, the parties have discussed forbearance on the execution of the foreclosure of the property and Dara has continued making payments pursuant to the settlement agreement. (Kravitz Decl. ¶ 7; id. Ex. 2.)

Federal Rule of Civil Procedure 60(b) allows a party to seek relief from a final judgment under a limited set of circumstances including fraud, mistake, and newly discovered evidence. Rule 60(b)(6), the particular provision under which Dara brings this motion, permits vacating a final judgment for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6). The Supreme Court has not particularized the factors that justify relief under Rule 60(b)(6), but has noted that "it provides courts with authority 'adequate to enable them to vacate judgments whenever such action is appropriate to accomplish justice,' while also cautioning that it should only be applied in 'extraordinary circumstances.'" Liljeberg v. Health Servs. Acquisition Corp., 468 U.S. 847, 864 (1988) (quoting Klapprott v. United States, 335 U.S. 601, 614-15 (1949); Ackermann v. United States, 340 U.S. 193, 199 (1950)); see also Gonzalez v. Crosby, 545 U.S. 524, 535 (2005) (noting that Rule 60(b)(6) requires the existence of "extraordinary circumstances").

The court is aware of no extraordinary circumstances in this case. Dara's argument that plaintiff was not harmed by its omission to pay property taxes is unpersuasive. Dara was aware that it was required to pay the property's back taxes no later than November 30, 2011, and failed to do so. Although Dara has

4

negotiated a payment plan with the County to pay its back taxes, this tax obligation has not yet been paid in full and operates as a senior interest such that the property is subject to a continuing tax lien and potential tax sale. Plaintiff's interest in the property is accordingly threatened by Dara's failure to fully pay its property taxes by the agreed upon date. Even if plaintiff suffered no harm from defendants' omission, the terms of the settlement agreement clearly provide that failure to pay real property taxes would result in default and the court is unwilling to rewrite the terms of the settlement agreement to suggest otherwise.

     The fact that the parties have continued to negotiate an alternative to foreclosure after judgment was entered in this case is not grounds to vacate the judgment. Accepting Dara's proposition would severely undermine the cause of settlement generally. Accordingly, in the absence of extraordinary circumstances, the court will deny Dara's request to vacate the judgment.

     IT IS THEREFORE ORDERED that Dara's motion for relief from judgment be, and the same hereby is, DENIED.

DATED:  September 11, 2012

_____
WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE