UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HSBC BANK USA, National Association, as Indenture Trustee for the benefit of the Noteholders and the Certificateholders of Business Loan Express Business Loan Trust 2005-A,<br><br>Plaintiff,<br><br>v.<br><br>DARA PETROLEUM, INC. dba WATT AVENUE EXXON, a California corporation; SARBJIT S. KANG, an individual; NARGES EGHTESADI, an individual; U.S. SMALL BUSINESS ADMINISTRATION, a United States government agency; and DOES 1 through 20, inclusive,<br><br>Defendants. | No. 2:09-cv-2356-WBS-EFB<br><br><u>ORDER, FINDINGS AND CERTIFICATION RE: CIVIL CONTEMPT</u> |

This matter is before the court on plaintiff's application for issuance of an order directing defendant Sarbhit Kang and non-parties Stars Holding Co. LLC ("Stars") and Azad Amiri to show cause why they should not be held in civil contempt for violating the court's May 2, 2014 order.[1]  ECF No. 137; *see* ECF No. 119 (order appointing receiver and entering preliminary

---

[1] This motion was referred to the undersigned by the assigned district judge.  ECF No. 150.

1

1  injunction).  Also before the court is attorney Jeffrey Kravitz's motion to withdraw as counsel for
2  Dara Petrol Petroleum ("Dara"), Sarbjit S. Kang, and Narges Eghtesadi.  ECF No. 143.  A
3  hearing on the motions was held on October 14, 2015.  Attorney Eric Pezold appeared on behalf
4  of plaintiff; attorney Jeffrey Kravitz appeared on behalf of defendants.  No appearance was made
5  by Stars or Azad Amiri, nor did Kang or Eghtesadi personally appear.[2]  For the reasons provided
6  below, the court grants Mr. Kravitz's motion to withdraw as counsel.  Further, this court finds
7  that Stars, Amiri, and Kang are in willful violation of the court's May 2, 2014 order.
8  Accordingly, they are ordered to appear before the assigned district judge to show cause why they
9  should not be sanctioned for civil contempt.

10  I.      Background

11      Plaintiff brought this action in the Sacramento County Superior Court against Dara
12  Petroleum, Inc. ("Dara"), Sarbjit S. Kang, Narges Eghtesadi, and the U.S. Small Business
13  Administration for judicial foreclosure and breach of a written guarantee.  The action arises out of
14  Dara's default on a commercial loan made by plaintiff's predecessor and secured by real property
15  located at 3499 El Camino Avenue, Sacramento, California ("the property").  ECF No. 1.  The
16  case was subsequently removed to this court by the United States.[3]  *Id*. at 2.

17      In January 2011, the parties reached a settlement of the case.  ECF Nos. 80, 81.  As part of
18  that settlement, Dara agreed that it would deliver to plaintiff proof that all real property taxes for
19  the subject property that were due and payable to the County of Sacramento had been paid as of
20  November 30, 2011.  *See* ECF No. 92 at 3.  The agreement further provided that plaintiff would
21  hold an executed stipulation for judgment for filing with the court in the event that Dara defaulted
22  under the terms of the settlement agreement.  *Id*.  Notwithstanding that agreement, Dara failed to
23  pay all property taxes, and plaintiff subsequently filed the stipulation for judgment.  ECF No. 82.
24  /////

---

[2]  The United States filed a statement of non-opposition to the application for an order to show cause and did not appear at the hearing.

[3]  The United States Small Business Administration has a junior lien on the property.  *See* ECF No. 1 at 2.

2

Pursuant to the stipulation, judgment was entered in plaintiff's favor and against Dara, Eghtesadi, and Kang, jointly and severally, in the amount of $985,776.75. ECF No. 83. The judgment also included an order that the property could be sold in the manner prescribed by law. *Id*. at 2-3.

On January 30, 2013, the court entered an amended judgment against defendants in the amount of $985,776.75, plus interest and costs. The judgment included an order that the property be sold at a foreclosure sale, and directed that the proceeds of that sale be used to satisfy the judgment. ECF No. 109. Plaintiff subsequently moved to appoint Kevin Singer as a post-judgment Receiver and requested a preliminary injunction in aid of the receivership. ECF No. 110. The motion was prescient as it specifically sought to prohibit the defendants from interfering with the Receiver's ability to sell the property. *Id.* On May 2, 2014, the court granted the motion and appointed Mr. Singer as Receiver to take possession, custody, and control of the property for the purpose of maintaining the property pending the foreclosure sale. ECF No. 119 at 8. The order further provided that "Defendants and all other persons acting in concert with them who have actual or constructive knowledge of this Order, shall not . . . interfere in any manner with the discharge of the Receiver's duties under this Order." *Id*. at 14. As discussed below, the property remains unsold and defendants and others in concert with defendants have frustrated the Receiver's ability to complete that process.

On March 11, 2015, plaintiff filed the instant application for an order to show cause why defendant Kang and non-parties Stars and Amiri should not be held in contempt for violation of the court's May 2, 2014 order. ECF No. 137. Plaintiff contends that Kang, Stars, and Amiri have orchestrated or aided three bad faith bankruptcy petitions for the purpose of interfering with the receivership. *Id*. Based on these allegations, plaintiff requested the court to order Kang, Stars, and Amiri to reimburse it the reasonable expenses it incurred in litigating the bad faith bankruptcy actions.

II.     Application for an Order to Show Cause

   A.     Legal Standard

Civil contempt "consists of a party's disobedience to a specific and definite court order by failure to take all reasonable steps within the party's power to comply." *Reno Air Racing Ass'n,*

3

*Inc. v. McCord*, 452 F.3d 1126. 1130 (9th Cir. 2006). "The moving party has the burden of showing by clear and convincing evidence that the condemners violated a specific and definite order of the court." *FTC v. Affordable Media*, 179 F.3d 1228, 1239 (9th Cir. 1999).

To establish that civil contempt is appropriate, plaintiff must demonstrate "(1) that [Kang, Star, and Amiri] violated the court order, (2) beyond substantial compliance, (3) not based on a good faith and reasonable interpretation of the order, (4) by clear and convincing evidence." *United States v. Bright*, 596 F.3d 683, 694 (9th Cir. 2010). Once plaintiff makes this showing, the burden shifts to Kang, Star, and Amiri to demonstrate that they "took all reasonable steps within [their] power to insure compliance with the" court's order. *Hook v. Arizona Dept. of Corrections*, 107 F.3d 1397, 1403 (9th Cir. 1997).

B.   Discussion

The focus of plaintiff's motion is Kang, Stars, and Amiri's alleged violations of the court's May 2, 2014 order. That order specifically directed that "Defendants and all other persons acting in concert with them who have actual or constructive knowledge of this Order, shall not . . . "[d]irectly or indirectly interfere in any manner with the discharge of the Receiver's duties . . . [or] [d]o any act which will, or would tend to, materially impair, defeat, divert, prevent or prejudice the preservation of the assets of the Receivership Estate." ECF No. 119 at 14-15. The evidence submitted by plaintiff indicates that Kang, Stars, and Amiri have acted to interfere with the Receiver's ability to sell the property.

One week after Mr. Singer was appointed, Dara filed a voluntary Chapter 7 petition in the United States Bankruptcy Court for the Eastern District of California. Pl.'s Req. for Judicial Notice Ex. 2 ("RJN"), ECF No. 137-2 at 21-23.[4] The petition, filed on May 9, 2014, is signed by Sarbjit Kang, and lists Dara's address as 3449 El Camino Avenue Sacramento, CA. *Id*. at 23. Plaintiff moved to dismiss the case, which was granted on May 20, 2014. *Id*. at 25 (RJN Ex. 3).

/////

---

[4] Plaintiff's request for judicial notice of the various court documents is granted. *See MGIC Indem. Co. v. Weisman,* 803 F.2d 500, 505 (9th Cir. 1986) (judicial notice may be taken of matters of public record outside the pleadings).

On June 9, 2014, Dara filed a Chapter 11 petition in the United States Bankruptcy Court for the Northern District of California. *Id*. at 27-52 (RJN Ex. 4). This petition was also signed by Kang, who is identified as the president of Dara. *Id*. at 29, 31, 52. This petition, however, lists Dara's address as 55 Oak Court, Suite 100, Danville, CA, and states that Dara's county of residence is Contra Costa County.[5] *Id*. at 27. Plaintiff moved to transfer the case to the Eastern District of California or, in the alternative, dismiss the case and impose sanctions.

On June 24, 2014, the Northern District Bankruptcy Court transferred the case to the Eastern District, *see* ECF No. 137-2 at 56-58, where the United States Trustee conducted a meeting of creditors. Both Kang and Azari testified at the meeting of creditors. ECF No. 137-1 at 22-56. Mr. Amiri identified himself as the treasurer and accountant for Dara. *Id*. at 24. He also acknowledged that Dara does not engage in any business activities and has no employees. *Id*. at 34. Kang identified himself as the president, and stated that he had a 19 percent equity interest in Dara. *Id*. at 24.

Plaintiff moved to dismiss the second bankruptcy action on the ground that it was filed in bad faith. The bankruptcy court agreed and on August 26, 2014, it granted that motion, explicitly finding that the action was filed in bad faith. ECF No. 137-2 at 61-66. The order noted that Dara argued in opposition to the motion to dismiss "that the filing of this bankruptcy case 'is a legitimate response to a receivership order that was improperly entered and Movant's subsequent bad faith declaration of default under that certain Stipulation for Entry and Satisfaction of Judgment, dated May 6, 2014, by and between Debtor and Movant.'" *Id*. at 65. Rejecting that argument, the bankruptcy court observed that Dara did not appeal the receivership order entered by the district judge in this case and that "the filing of the bankruptcy case is clearly an attempt to circumvent the Receivership Order and forestall Singer's efforts to sell the Property to satisfy the Judgment, all for the benefit of a non-debtor party, Stars." *Id*.

/////

/////

---

[5] Dara's address of record with the California Secretary of State is 8994 Greenback Ln., Orangevale, California, *see* ECF No. 137-2 at 54 (RJN Ex. 5), which is in Sacramento County.

5

After dismissal of the second bankruptcy petition, the Receiver resumed his duties and made efforts to sell the property. Again he was frustrated. Plaintiff duly filed in this action a notice of sale of for the property, giving notice that the Receiver intended to sell the property on February 26, 2015. ECF No. 136. However, the day before that scheduled sale Dara filed yet another bankruptcy petition in this district. ECF No. 137-2 at 68-74 (RJN Ex. 8) (Petition filed February 25, 2015). That petition was also signed by Kang. *Id*. at 70. The bankruptcy court dismissed that petition on March 3, 2015. *See In re Dara Petroleum, Inc.*, No. 15-21439, ECF No. 24. In doing so, the bankruptcy court incorporated the prior dismissal ruling issued in Dara's second bankruptcy case. *Id.*, ECF No. 23.

The evidence before the court plainly demonstrates that Kang has willfully taken actions that were deliberately calculated to impede the Receiver's performance of his duties under the order to sell the property. Such gamesmanship was not only in bad faith, Kang has willfully violated this court's receivership order. Kang personally signed all three bankruptcy petitions on behalf of Dara and did so for the bad faith purpose of circumventing the judgment and order entered in this case. Although counsel specifically argued to the bankruptcy court that the second petition was filed as "a legitimate response to a receivership order that was improperly entered" ECF No. 137-2 at 65, a notice of appeal of the order and injunction was never filed. If Dara and Kang truly believed this court's receivership order was improperly entered, their recourse was to seek review in the U.S. Court of Appeals for the Ninth Circuit, not to violate the order. But Dara and Kang chose not to appeal and instead filed three meritless bankruptcy petitions for the very purpose of frustrating Mr. Singer's efforts to foreclose the subject property. The receivership order specifically prohibited such acts. That order was specific and definite, and the parties were required "to take all reasonable steps within their power to comply." *Reno Air Racing Ass'n, Inc.*, 452 F.3d at 1130. Dara (through Kang) and Kang did not comply and, indeed, willfully engaged in acts that violated the order. Accordingly, the court finds by clear and convincing evidence that Kang is in contempt of this court's May 2, 2014.

As for Amiri and Stars, the evidence clearly establishes that these parties acted in concert with Kang in filing the bankruptcy petitions. At the July 21, 2014 bankruptcy proceeding, Kang

1  testified that the information provided in the bankruptcy petition was acquired from Dara's

2  accountant, Mr. Amiri.  ECF No. 137-1 at 27 (Ex. A).  Mr. Amiri testified that he had reviewed

3  schedules to the petition and that the information in the petition was accurate.  *Id*.  He further

4  testified that he prepared and filed an operating report with the bankruptcy court.  *Id*. at 29.  Amiri

5  also testified that Stars is owned by his ex-wife, and that the subject property had been transferred

6  to Stars in January 2012.  *Id*. at 31, 34-35.  Significantly, Kang testified that Stars paid the filing

7  fee for the second bankruptcy case and hired and paid an attorney to represent Dara in the

8  bankruptcy action.  *Id*. at 21, 50-51.

9        This evidence establishes that Amiri and Stars acted in concert with Kang in the filing of

10  the bankruptcy petitions.  Furthermore, as found by the bankruptcy court in the second and third

11  bankruptcy actions, this court finds that the petitions were filed for the bad faith purpose of

12  circumventing this court's receivership order and hindering Mr. Singer's ability to carry out his

13  duties.  Thus, the record demonstrates that Amiri and Stars were acting willfully and in bad faith

14  when they participated in Dara and Kang's efforts to frustrate the court's order.  Accordingly,

15  there is clear and convincing evidence that Amiri and Stars are also in contempt of the court's

16  order.  *See Reno Air Racing Ass'n, Inc.*, 452 F.3d at 1130.

17        A sanction for civil contempt is intended to coerce the contemnor to comply with the

18  court's order in the future.  *Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468, 1481

19  (9th Cir. 1992).  The remedies for civil contempt range from incarceration to the imposition of

20  monetary sanctions, with the focus on gaining future compliance with the order being violated.[6]

21  "The choice among the various sanctions rests within the discretion of the district court," *United*

22  *States v. Sumitomo Marine & Fire Ins. Co.*, 617 F.2d 1364, 1369 (9th Cir. 1980), and the Ninth

23  Circuit "defer[s] considerably to the judgment of the district court in fashioning the appropriate

24  sentence because of its proximity to the events out of which contempt springs."  *United States v.*

25  *Flores*, 628 F.2d 521, 527 (9th Cir. 1980).  However, a "district court should apply the least

---

[6] Thus, a party incarcerated for civil contempt "carries the keys of his prison in his own pocket because civil contempt is intended to be remedial by coercing the defendant to do what he had refused to do." *Lasar v. Ford Motor Co.*, 399 F.3d 1101, 1110 (9th Cir. 2005).

7

coercive sanction (e.g., a monetary penalty) reasonably calculated to win compliance with its orders.'" *Id*.

Here, plaintiff does not seek incarceration. Rather, as a remedial measure plaintiff requests that Kang, Amiri, and Stars be ordered to reimburse plaintiff the reasonable expenses incurred in litigating the three bankruptcy cases, as well as the instant motion for an order to show cause. ECF No. 137 at 15. Such a sanction is reasonably calculated to deter future meritless filings (whether in the bankruptcy court or any other court) that would impede the Receiver from completing the foreclosure sale of the subject property.[7] It is also a less drastic means of gaining compliance than incarceration. Further, "[a]n award of attorney's fees for civil contempt is within the discretion of the district court." *Harcourt Brace Jovanovich Legal & Prof. Pub., Inc. v. Multistate Legal Studies, Inc.*, 26 F.3d 948, 953 (9th Cir. 1994); *see also Perry v. O'Donnell*, 759 F.2d 702, 704-705 (9th Cir. 1985) (holding that "civil contempt need not be willful to justify a discretionary award of fees and expenses as a remedial measure."). Thus, the court finds that an award of fees is appropriate here.

Attorneys' fees and cost were necessarily incurred by plaintiff in litigating the three bankruptcy matters and the instant motion. Further, those expenses are a direct result of the contemnors' violation of the court's order. However, the court can only award a reasonable fee amount. In determining whether the amount of attorney's fees is reasonable, the court employs the "lodestar" method. Under this method, "a district court must start by determining how many hours were reasonably expended on the litigation, and then multiply those hours by the prevailing local rate for an attorney of the skill required to perform the litigation." *Moreno v. City of Sacramento*, 534 F.3d 1106, 1111 (9th Cir. 2008). "In addition to computing a reasonable number of hours, the district court must determine a reasonable hourly rate to use for attorneys and paralegals in computing the lodestar amount." *Gonzalez v. City of Maywood*, 729 F.3d 1196, 1205 (9th Cir. 2013). "The Supreme Court has consistently held that reasonable fees 'are to be

---

[7] The property has still not been sold as ordered. Plaintiff's counsel represented at oral argument that until the problem of these contemnors filing serial bankruptcy petitions to obstruct scheduled foreclosure sales is cured, the Receiver cannot complete the task assigned him under the May 2, 2014 order. ECF No. 161 at 10.

1  calculated according to the prevailing market rates in the relevant community.'" *Van Skike v.*
2  *Dir. Off. Of Workers' Comp. Programs*, 557 F.3d 1041, 1046 (9th Cir. 2009).

3   Plaintiff requests that it be reimbursed in the amount of $84,955.56 in attorneys' fees and
4  costs. In support of this request, plaintiff submits the declaration of Eric Pezold. ECF No. 137-1.
5  Mr. Pezold states that his regular hourly rate is $495 and that he spent 82.7 hours providing
6  litigation services for plaintiff. *Id*. ¶ 10. He further states that attorney Brett Ramsaur's regular
7  hourly rate is $375, and that he spent 121.8 hours on plaintiff's case.

8   Although Mr. Pezold states that the attorneys and paralegals enter their billable time into a
9  program contemporaneously with the work they are doing and that "block billing" is not
10  submitted, the declaration does not include the printout of the actual time sheets. Thus, plaintiff
11  does not provide documentation identifying what specific tasks were performed by each attorney.
12  Without that information, the court is unable to determine whether the amount of time expended
13  for those tasks is reasonable. Further, plaintiff does not address whether the hourly rate sought by
14  each attorney is consistent with the prevailing rates in this district. Thus, while the court finds
15  that an award of attorney's fees and costs is appropriate, the court cannot determine on the current
16  record whether the fees sought are reasonable. Therefore, plaintiff must submit a supplemental
17  brief addressing these factors.

18   As noted, the request for an Order to Show Cause in re contempt was referred to the
19  assigned magistrate judge. Pursuant to 28 U.S.C. § 636(e)(B)(iii), where a party's conduct
20  "constitutes a civil contempt, the magistrate judge shall forthwith certify the facts to a district
21  judge and may serve or cause to be served, upon any person whose behavior is brought into
22  question under this paragraph, an order requiring such person to appear before a district judge
23  upon a day certain to show cause why that person should not be adjudged in contempt by reason
24  of the facts so certified." At the hearing, "[t]he district judge shall thereupon hear the evidence as
25  to the act or conduct complained of and, if it is such as to warrant punishment, punish such person
26  in the same manner and to the same extent as for a contempt committed before the district judge."
27  *Id*. For the reasons stated above, the facts as found herein are certified and Stars Holding Co.
28  /////

1  LLC, Azad Amiri and Sarbjit S. Kang are order to appear before Judge Shubb and show cause

2  why they should not be ordered to pay the contempt sanctions as recommended herein.

3  III.     Motion to Withdraw as Counsel

4  Also pending is attorney Jeffrey S. Kravitz's motion to withdraw as counsel for

5  defendants Dara, Kang, and Narges Echtesadi.  ECF No. 143.

6  Local Rule 182(d) provides that "[w]ithdrawal as attorney is governed by the Rules of

7  Professional Conduct of the State Bar of California, and the attorney shall conform to the

8  requirements of those Rules."  California Rule of Professional Conduct 3-700(C)(6) allows

9  counsel to seek to withdraw his representation when he "believes in good faith . . . that the

10 tribunal will find the existence of . . . good cause for withdrawal."  However, "[a] member shall

11 not withdraw from employment until the member has taken reasonable steps to avoid reasonably

12 foreseeable prejudice to the rights of the client, including giving due notice to the client, allowing

13 time for employment of other counsel, . . . and complying with applicable laws and rules."  Cal.

14 Rules of Prof'l Conduct 3-700(A)(2).

15 Mr. Kravitz's declaration demonstrates that he served each defendant with sufficient

16 notice of his intent to withdraw as counsel.  ECF No. 143-1 ¶¶ 4-6.  Mr. Kravitz also notified

17 defendants of the pending application for issuance of an order to show cause and that defendants

18 were required to appear in court.  *Id*. ¶¶ 4-6.  He further notified Dara that as a corporation it must

19 obtain new counsel to appear in court, and also recommended to Kang and Echtesadi that they

20 obtain new counsel. *Id*. ¶ 7.  Accordingly, defendants received proper notice of the motion to

21 withdraw and counsel took sufficient steps to avoid any foreseeable prejudice.

22 Furthermore, withdrawal is appropriate in light of the defendants' misconduct in this case.

23 Mr. Kravitz was retained to represent defendants Dara, Kang, and Eghtesadi in this action, which

24 he did.  A settlement was ultimately reached.  While the defendants have violated the order that

25 resulted from that settlement, Mr. Kravitz had no role in their doing so.  He did not represent Dara

26 or Kang in the bankruptcy actions nor did he participate in the bad faith filings that occurred in

27 those actions.  *Id*. ¶ 1.  Mr. Kravitz declares that he "had no knowledge or involvement in any of

28 the actions" resulting in these contempt proceedings.  *Id*. ¶ 2.  Rather, the defendants, without Mr.

Kravitz's knowledge, directly violated the court's order by filing meritless bankruptcy petitions to frustrate duly-noticed foreclosure sales. Accordingly, withdrawal is appropriate under both California Rule of Processional Conduct 3-700(C)(1)(d) and (B)(1). *See* Cal. Rules of Prof'l Conduct 3-700(C)(1)(d) (withdrawal is permissive when "other conduct renders it unreasonably difficult for the member to carry out the employment effectively.") and 3-700(B)(1) ("The member knows or should know that the client is bringing an action, conducting a defense, asserting a position in litigation, or taking an appeal, without probable cause and for the purpose of harassing or maliciously injuring any person.").

For these reasons, attorney Jeffrey S. Kravitz's motion to withdraw should be granted. However, Mr. Kravitz shall promptly notify defendants of this order and shall file a certification with the court that the defendants were so informed.

IV.     Conclusion

For the reasons stated above, it is hereby ORDERED that:

1. Attorney Jeffrey Kravitz's motion to withdraw as counsel (ECF No. 143) is granted, as provided herein. Mr. Kravitz shall promptly notify defendants of this order and shall file a certification with the court that the defendants were so informed.

2. Stars Holding Co. LLC, Azad Amiri and Sarbjit S. Kang shall appear before Judge Shubb, on June 13, 2016, at 1:30 p.m., in Courtroom No. 5, to show cause why the findings herein that they are in civil contempt should not be adopted and why they should not be ordered to reimburse plaintiff the reasonable attorneys' fees incurred by their violation of the court's May 2, 2014 order appointing a receiver and entering a preliminary injunction.

3. An award of attorney's fees as a remedial measure is appropriate to compensate the plaintiff for the costs and expenses incurred from Stars, Amiri and Kang's deliberate disregard of the court's order. Plaintiff shall file by May 19, 2016, a supplemental brief and/or supporting documentation including all necessary evidence to support its request for attorney's fees and costs.

/////

/////

4. The failure of Stars Holding Co. LLC, Azad Amiri and Sarbjit S. Kang to comply with this order may result in the imposition of further contempt sanctions.

DATED: May 16, 2016.

/s/ Edmund F. Brennan
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

12