Thomas W. Barth, SBN 154075
Mikhail Parnes, SBN 300922
BARTH DALY LLP
431 I Street, Suite 201
Sacramento, California 95814
Telephone: (916) 440-8600
Facsimile: (916) 440-9610

Attorneys for STARS HOLDING CO. LLC



FILED

JUL 25 2016

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HSBC BANK USA, National Association, as Indenture Trustee for the benefit of the Noteholders and the Certificateholders of Business Loan Express Business Loan Trust 2005-A,<br><br>Plaintiff,<br><br>v.<br><br>DARA PETROLEUM, INC. dba WATT AVENUE EXXON, a California corporation; SARBJIT S. KANG, an individual; U.S. SMALL BUSINESS ADMINISTRATION, a United States government agency; and DOES 1 THROUGH 20, inclusive,<br><br>Defendants. | Case No. 2:09-CV-02356-WBS-EFB<br><br>**STIPULATION AND [PROPOSED] ORDER AFTER HEARING**<br><br>Date: July 18, 2016<br>Time: 1:30 p.m.<br>Ctrm: 5 |

WHEREAS HSBC Bank USA, National Association, as Indenture Trustee for the benefit of the Noteholders and the Certificateholders of Business Loan Express Business Loan Trust 2005-A ("HSBC") filed that certain *Application for Issuance of Order Directing Stars Holding Co. LLC, Azad Amiri and Sarbjit S. Kang to Show Cause Why They Should Not be Held in Civil Contempt* (the "Application") and supporting documents [docket nos. 137, 137-1, 137-2, 137-3, 154, 155, 156, 157, 158, 159, 163, 163-1, 164, 165, 175, 175-1], requesting this Court to issue an order directing Stars Holding Co. LLC ("Stars"), Azad Amiri ("Amiri") and Sarbjit S. Kang ("Kang") to show cause why they should not be held in civil contempt for violation of the

1   *Memorandum and Order re: Motion to Appoint Receiver; Motion for Preliminary Injunction in*
2   *Aid of Receiver* (the "<u>Receivership Order</u>") entered on May 2, 2014 [docket no. 119];

3   WHEREAS the Court ordered Stars, Amiri and Kang to personally appear in the court on
4   June 29, 2015, at 2:00 p.m. to show cause why they should not be adjudged in civil contempt for
5   violation of the Receivership Order [docket entry 141];

6   WHEREAS the Court continued the hearing to October 14, 2015 to be heard before
7   Magistrate Judge Edmund F. Brennan [docket no 153];

8   WHEREAS Judge Brennan held a hearing on October 14, 2015. HSBC appeared through
9   its counsel, Eric S. Pezold of Snell & Wilmer L.L.P. Jeffrey Kravitz appeared on behalf of Dara
10  Petroleum, Inc. dba Watt Avenue Exxon ("<u>Dara</u>"), Kang and Narges Eghtesadi. No appearances
11  were made by Stars or Amiri, and neither Kang nor Narges Eghtesadi personally appeared.

12  WHEREAS Judge Brennan entered his *Order, Findings and Certification RE: Civil*
13  *Contempt* on May 16, 2016 [docket no. 162] wherein Judge Brennan ordered Stars, Amiri and
14  Kang to appear before the Court on June 13, 2016, at 1:30 p.m. "to show cause why the findings
15  herein that they are in civil contempt should not be adopted and why they should not be ordered
16  to reimburse plaintiff the reasonable attorneys' fees incurred by their violation of the Court's
17  May 2, 2014 order appointing a receiver and entering a preliminary injunction." Judge Brennan
18  also ordered HSBC to file a supplemental brief with respect to the reasonableness of the
19  attorneys' fees and costs sought by the Application;

20  WHEREAS the Court held a hearing on June 13, 2016, at which HSBC appeared through
21  its counsel, Eric S. Pezold of Snell & Wilmer L.L.P., Stars appeared through its counsel, Thomas
22  Barth, and Amiri and Kang personally appeared. Gabe Liberman, counsel to Kang, also appeared
23  and represented to the Court that Kang had filed a bankruptcy petition, case no. 15-23895 (the
24  "<u>Kang Bankruptcy Case</u>"), after the Application had been filed. The Court continued the hearing
25  to July 18, 2016 at 1:30 pm to provide Stars and Amiri a further opportunity to respond to the
26  Application and for HSBC to file a reply brief in support of the Application. The Court ordered
27  Stars and Amiri to personally appear at the continued hearing;

28  ///

1   WHEREAS Stars filed an *Opposition to HSBC Bank USA's Application for Issuance of Order to Show Cause and Supplemental Request for Reasonable Attorneys' Fees and Costs* filed by Stars ("Stars' Opposition") [docket nos. 173, 173-1, 176]. Amiri did not file a written opposition to the Application; and,

WHEREAS the Court held a hearing on July 18, 2016, in which the Court heard arguments of counsel of HSBC and Stars and heard testimony from Amiri and Kang. Stars and Amiri, non-parties to this litigation, appeared at the hearing and therefore, the Court has personal jurisdiction over Stars and Amiri to enter the findings, orders and relief herein. The Court overruled *Plaintiff's Evidentiary Objections to Declaration of Haleh Amiri* [docket no. 175-1] and admitted paragraphs 3 and 7 of such declaration only for the purposes of Rule 803(3) of the Federal Rules of Evidence.

The parties hereto, by and through their counsel, hereby stipulate and respectfully request an order of the Court based thereon.

**STIPULATION**

Based on the foregoing, the aforementioned parties, by and through their counsel of record, and individually, with respect to the persons appearing *pro se*, hereby stipulate (the "Stipulation") that the Court shall enter an order (the "Order") to resolve the Application as follows:

1. The Application by HSBC is ~~denied /~~ granted in part, as per the terms of this Order, and otherwise denied].

2. Stars, Amiri, Dara, Haleh Amiri ("Haleh"), and Nasrin Amiri ("Nasrin") are hereby enjoined from transferring, encumbering, diverting, damaging, removing, obtaining possession of, assigning, conveying, devising, pledging, selling, or disposing of, directly or indirectly, in whole or in part, the real and personal property located at 3499 El Camino Avenue, Sacramento, California (the "Property"), without further order of the Court.

3. Stars, Amiri, Dara, Haleh and Nasrin are hereby enjoined from interfering with or delaying in any manner, direct or indirect, the foreclosure of the Property by Kevin Singer, the court-appointed receiver, without further order of the Court.

4. The automatic stay of 11 U.S.C. section 362(a) shall not arise with respect to the Property in any bankruptcy case filed under any chapter of Title 11 of the United States Code whether such case is filed in the United States Eastern District of California or any other district by or against Stars, Amiri, Kang, Dara, Haleh or Nasrin.

5. Any voluntary or involuntary bankruptcy filing under any chapter of Title 11 of the United States Code in the United States Eastern District of California by or against Stars, Amiri, Kang, Dara, Haleh and/or Nasrin that is made after the entry of the Order until the Property is foreclosed shall be referred to United States District Court Judge William B. Shubb without further order of this Court. To this end, the bankruptcy reference as contained in General Orders 182, 182-A and 223 of the United States District Court Eastern District of California is hereby withdrawn with respect to any voluntary or involuntary bankruptcy filing under any chapter of Title 11 of the United States Code in this District that is made after the entry of this Order until the Property is foreclosed by or against Stars, Amiri, Kang, Dara, Haleh and/or Nasrin.

6. If any of Stars, Amiri, Dara, Haleh and/or Nasrin violate the Court's Order regarding the injunction imposed according to Paragraphs 2 or 3 of this Stipulation, HSBC may immediately apply for:

a. Sanctions against any such person or entity violating the Order for the purpose of preventing continued violations, which shall be awarded by the Court in the amount of One Thousand Dollars ($1000.00) per day of any continuing violation, levied individually against each person or entity in such violation, until the violation ceases to exist, or has been corrected in such manner as to eliminate the adverse effect of the violation on the receivership.

b. Issuance by this Court of an order to show cause why the party(ies) who have committed the violations should not be held in civil contempt, for recovery of damages and attorneys' fees and costs, incurred as a result of such violations. Upon such application by HSBC, the Court shall schedule briefing by the parties and a hearing on such shortened time, as the Court deems appropriate under the circumstances.

///

the Court shall schedule briefing by the parties and a hearing on such shortened time, as the Court deems appropriate under the circumstances.

///

    c.    Such further relief as may be necessary or appropriate to allow the Receiver to continue with any actions within the authority granted by the Receivership Order, regardless of the actions by other parties in violation of the Order.

7. The Court reserves the right to amend the Order to include relief against Kang to the extent that HSBC seeks relief from the bankruptcy court overseeing the Kang Bankruptcy Case or if the Kang Bankruptcy Case is dismissed without a discharge.

**IT IS SO STIPULATED.**

Dated: July 25, 2016.

BARTH DALY LLP

By _____
THOMAS W. BARTH
Attorneys for STARS HOLDING CO. LLC

Dated: July 25, 2016.

SNELL & WILMER L.L.P.

By _____
ERIC S. PEZOLD
Attorneys for Plaintiff HSBC BANK USA

Dated: July 25, 2016.

_____
AZAD AMIRI, In Pro Se

Dated: July 25, 2016.

_____
HALEH AMIRI, Individually and as Managing Member of Stars Holding Co. LLC

Dated: July 25, 2016.

_____
NASRIN AMIRI, Individually and as Member of Stars Holding Co. LLC

/// Dated: July ___, 2016.

_____
SARBIT S. KANG, DARA PETROLEUM, INC.

///

///

///

{00019587}

- 5 -

Good cause having been found on the basis of the Stipulation among the parties, the Court orders:

### ORDER

**IT IS ORDERED** that:

1. The Application by HSBC is [denied / granted in part, as per the terms of this Order, and otherwise denied].

2. Stars, Amiri, Dara, Haleh Amiri ("Haleh"), and Nasrin Amiri ("Nasrin") are hereby enjoined from transferring, encumbering, diverting, damaging, removing, obtaining possession of, assigning, conveying, devising, pledging, selling, or disposing of, directly or indirectly, in whole or in part, the real and personal property located at 3499 El Camino Avenue, Sacramento, California (the "Property"), without further order of the Court.

3. Stars, Amiri, Dara, Haleh and Nasrin are hereby enjoined from interfering with or delaying in any manner, direct or indirect, the foreclosure of the Property by Kevin Singer, the court-appointed receiver, without further order of the Court.

4. The automatic stay of 11 U.S.C. section 362(a) shall not arise with respect to the Property in any bankruptcy case filed under any chapter of Title 11 of the United States Code whether such case is filed in the United States Eastern District of California or any other district by or against Stars, Amiri, ~~Kang,~~ Dara, Haleh or Nasrin.

5. Any voluntary or involuntary bankruptcy filing under any chapter of Title 11 of the United States Code in the United States Eastern District of California by or against Stars, Amiri, Kang, Dara, Haleh and/or Nasrin that is made after the entry of this Order until the Property is foreclosed shall be referred to United States District Court Judge William B. Shubb without further order of this Court. To this end, the bankruptcy reference as contained in General Orders 182, 182-A and 223 of the United States District Court Eastern District of California is hereby withdrawn with respect to any voluntary or involuntary bankruptcy filing under any chapter of Title 11 of the United States Code in this District that is made after the entry of this Order until the Property is foreclosed by or against Stars, Amiri, Kang, Dara, Haleh and/or Nasrin.

6. If any of Stars, Amiri, Dara, Haleh and/or Nasrin violate this Order regarding the injunction imposed according to Paragraphs 2 or 3 hereof, HSBC may immediately apply for:

    a. Sanctions against any such person or entity violating the Order for the purpose of preventing continued violations, which shall be awarded by the Court in the amount of One Thousand Dollars ($1000.00) per day of any continuing violation, levied individually against each person or entity in such violation, until the violation ceases to exist, or has been corrected in such manner as to eliminate the adverse effect of the violation on the receivership.

    b. Issuance by this Court of an order to show cause why the party(ies) who have committed the violations should not be held in civil contempt, for recovery of damages and attorneys' fees and costs, incurred as a result of such violations. Upon such application by HSBC, the Court shall schedule briefing by the parties and a hearing on such shortened time, as the Court deems appropriate under the circumstances.

    c. Such further relief as may be necessary or appropriate to allow the Receiver to continue with any actions within the authority granted by the Receivership Order, regardless of the actions by other parties in violation of this Order.

7. The Court reserves the right to amend this Order to include relief against Kang to the extent that HSBC seeks relief from the bankruptcy court overseeing the Kang Bankruptcy Case or if the Kang Bankruptcy Case is dismissed without a discharge.

Dated: 7/25/2016

*/s/ William B. Shubb*
HONORABLE WILLIAM B. SHUBB
United States District Court Judge

{00019587}

- 7 -

STIPULATION AND [PROPOSED] ORDER AFTER HEARING      CASE NO. 2:09-CV-02356-WBS-EFB